NO. 07-00-0410-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 5, 2001



______________________________





IN THE INTEREST OF J.L.M., A CHILD (1)


_________________________________



FROM THE 72ND DISTRICT COURT OF CROSBY COUNTY;



NO. 6,186; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant V. M .S. appeals from the termination of her parent-child relationship with
her biological son, J. L. M. By two issues she challenges the trial court's findings that (1)
she knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endangered the physical or emotional well-being of the child, and (2)
she engaged in conduct or knowingly placed the child with persons who engaged in
conduct which endangered the physical or emotional well being of the child. We affirm.



BACKGROUND

 In January, 1999, the Texas Department of Protective and Regulatory Services (the
Department) received a call concerning possible child abuse. Upon investigating the
matter, the Department discovered that J. L. M., a child born to appellant V. M. S. on July
4, 1995, had a fracture of his upper right arm. The fracture occurred during the time J. L.
M. and his two younger siblings were in the care of his maternal grandmother. The
Department filed suit seeking conservatorship of the children and, if necessary, termination
of the parental rights of the children's parents. The Department was granted
conservatorship of all three children. 

 Efforts to reunify the family were not successful. On April 24, 2000, the case was
tried to the court without a jury. The trial court terminated the parent-child relationship
between appellant and her three children. As to J. L. M., the trial court found by clear and
convincing evidence that (1) termination of the parent-child relationship between appellant
and the child is in the child's best interest; (2) appellant knowingly allowed the child to
remain in conditions or surroundings which endangers the physical or emotional well-being
of the child; (3) appellant engaged in conduct or knowingly placed the child with persons
who engaged in conduct which endangers the physical or emotional well being of the child;
and (4) appellant failed to support the child in accordance with her ability during a period
of one year ending within six months of the date of the filing of the petition by the
Department. 

 Although the trial court terminated her parent-child relationship with all three
children, appellant appealed only from the termination of her parent-child relationship with
J. L. M. By two issues she challenges the legal and factual sufficiency of the evidence to
support certain of the trial court's findings. Her first issue challenges the evidentiary
support for the trial court's finding that she knowingly allowed the child to remain in
conditions or surroundings which endangers the physical or emotional well-being of the
child. Her second issue challenges the evidentiary support for the finding that she
engaged in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well being of the child. 

 The Department asserts that the evidence is both legally and factually sufficient to
support the challenged findings. Additionally, the Department notes that appellant does
not challenge the trial court's findings that (1) appellant failed to support J. L. M. in
accordance with her ability during a period of one year ending within six months of the date
of the filing of the petition by the Department and (2) termination of the parent-child
relationship was in J. L. M.'s best interest. The Department urges that such unchallenged
findings are sufficient to support the trial court's judgment even if appellant's issues are
sustained on appeal. We agree with the Department that the unchallenged findings of the
trial court require us to affirm the judgment.

 A trial court may order termination of the parent-child relationship if the court finds
by clear and convincing evidence that (1) the parent has committed or engaged in one of
the matters enumerated in Section 161.001(1) of the Family Code and (2) termination is
in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1), (2) (Vernon Supp.
2001); In re M.D.S., 1 S.W.3d 191, 197 (Tex.App.-Amarillo 1999, no pet.). If a trial court's
finding that the parent has committed or engaged in one of the matters enumerated in
Section 161.001(1) is sustained or not challenged, and the trial court's finding that
termination of the parent-child relationship is in the best interest of the child is not
challenged, the judgment will be affirmed. See id. at 199. 

 The judgment of the trial court is affirmed. Because the judgment is affirmed on
unchallenged findings, we need not address appellant's issues challenging sufficiency of
the evidence. See Tex. R. App. P. 47.1. 


 Phil Johnson

 Justice



Do not publish.



 
1. The parties refer to the child by name.